CORNELIUS SIMMS V. THE STATE.

No. 20914. ·Delivered March 13, 1940.

The opinion states the case.

*Hubert Bookout* and *J. A. Carlisle,* both of Sherman, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is rape. The punishment assessed is confinement in the state penitentiary for a term of five years.

The State's testimony, briefly stated, shows that prosecutrix was about eleven years old at the time of the commission of the alleged offense. Her father and mother ran a dairy. They milked fifty or more cows and would usually arise about 12:30 a. m. to begin milking and finish about 3:30 a. m. About three weeks prior to the time of the alleged offense, the appellant, who was an uncle of the prosecutrix, came to live with them for a while. During his sojourn, he would assist in the milking. On the night in question he had gone to some place not disclosed by the record and had not returned when the father and mother of prosecutrix started milking. Prosecutrix was called by her mother to occupy her bed with the baby while she went with her husband to assist him in his work. Soon after they had gone, appellant came in, entered the bedroom and had sexual intercourse with prosecutrix. The mother heard appellant when he came home and after he failed within a reasonable time to come and assist them, she called to him to come and help. He promptly responded to the call. After the mother returned to the house, she noticed blood stains on the floor near the bed and on the bed sheet and on prosecutrix's gown. Upon being questioned about the stains, prosecutrix told her what had happened. Some hours later the mother took prosecutrix to a physician, who found the hymen ruptured and an inflammation of the lesser lips of the vagina, indicating that there had been some penetration of her female parts. One of the policeman who arrested appellant early next morning observed some blood spots near the bed which had been occupied by prosecutrix. Another doctor testified that in the latter part of October, he made an examination of appellant's privates and found that he had an ulcer or sore thereon which might have bled if pressure were applied. That he made a Wasserman test and found that appellant had syphilis. There was some conflict in the testimony of the prosecutrix, her mother and that of her father as to the time when appellant came home on the night in question, but such conflicts are not uncommon when people rely upon memory. Appellant denied the act and proved a good reputation as a law-abiding citizen. It is obvious that if the jury believed the evidence offered by the State and rejected that of appellant, as they had a right to do, the evidence fully justified their conclusion of appellant's guilt.

By bill of exception number three appellant complains of the admission of the doctor's testimony as to what he found

upon an examination of appellant. His objection to the admission of this evidence was that it was too remote to be of any probative value, prejudicial and highly inflammatory. We think the objection went more to its weight than to its admissibility. Bills of exceptions numbers one and two complain of the court's action in overruling appellant's motion for a new trial. In said motion appellant insists that Dr. Riddle had advised him since the trial that if prosecutrix had sexual intercourse, it was not the first act. That when he made an examination of prosecutrix, she told him that appellant did not have sexual intercourse with her,—that appellant did not have anything to do with her. It is quite obvious that this evidence could have been elicited from the doctor when he was upon the witness stand. Had appellant made any inquiry as to what prosecutrix told the doctor during his examination of her he should have divulged it. However, the court upon the motion for a new trial heard evidence to the effect that prosecutrix made no such statement to the doctor. Consequently we would not be authorized to say that the trial court abused his discretion in overruling the motion.

No error appearing, the judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.